UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

         Plaintiff,

v.

RYAN SMITH, MATT BREWER,
BRYAN J. CAZZAGLIO, CITY
OF WOODHAVEN, and THE
STATE OF MICHIGAN,

         Defendants.

_____/

Case No. 18-12838

Matthew F. Leitman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

## REPORT AND RECOMMENDATION
### *SUA SPONTE* DISMISSAL OF THE STATE OF MICHIGAN

### I.  PROCEDURAL HISTORY

On September 12, 2018, plaintiff Bradley T. Peterson, brought this civil rights action, *pro se*, under 42 U.S.C. § 1983.  (Dkt. 1).  Peterson is suing Officers Ryan Smith, Matt Brewer, and Bryan J. Cozzaglio, in their official capacities.  *Id*.  Peterson is also suing the city of Woodhaven and the State of Michigan.  *Id*.  On September 17, 2018, District Judge Matthew F. Leitman referred pretrial matters to the undersigned Magistrate Judge.  (Dkt. 4).  On October 9, 2018, defendants Matt Brewer, Bryan J. Cozzaglio, and the City of Woodhaven filed an answer.  (Dkt. 12).  On October 1, 2018, Peterson filed a proof of service indicating he served the State of Michigan with the summons and complaint via certified mail sent to the

Michigan Attorney General's office in Detroit, Michigan. (Dkt. 7). The State of Michigan has not filed an appearance or an answer to Peterson's complaint.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's claims against the State of Michigan be **DISMISSED**.

## II.   FACTUAL BACKGROUND

Peterson brings this complaint alleging that the State of Michigan, City of Woodhaven, two Woodhaven police officers, and a district court officer, acting in their official capacities, violated his civil rights. Peterson states that he was in the city of Woodhaven, standing in front of the 33rd district court when defendants Sergeant Ryan Smith and officer Matt Brewer approached him. (ECF No. 1, PagedID.8). Sgt. Smith asked to see Peterson's identification. *Id*. Peterson alleges that when he reached in his front pocket, Sgt. Smith physically attacked him by throwing him to ground and assaulting him. *Id*.

Peterson further alleges that while he was in the back seat of the police car, officer Brewer called him a terrorist as well as racially discriminatory names and threatened to kill him before they arrived at the police station. *Id*. at PageID.9. Peterson states that officer Brewer had to be removed by his commanding sergeant because of his racist statements. *Id*. Peterson alleges that he was falsely arrested and charged with a felony assault, resisting arrest, obstruction, disturbing the peace, terrorist threats, and being a habitual offender. *Id*. at PageID.10. Peterson

alleges that 33rd district court officer Bryan Cozzaglio knowingly lied on him out of racism, bias, prejudice to obstruct justice in the felony case and to protect the city of Woodhaven. *Id*. at PageID.9.

Lastly, Peterson alleges that the State of Michigan tampered with video evidence to falsely imprison and slander him publicly by labeling him as a terrorist. *Id*. Peterson is seeking two-hundred million dollars in damages for racism, discrimination, bias, false imprisonment, slander, obstruction of justice, and singling him out for injury and harm. *Id*. at PageID.11.

### III. ANALYSIS

#### A. Federal Claims

The Eleventh Amendment "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Eleventh Amendment immunity is a "true jurisdictional bar" that may be raised *sua sponte* at any stage of litigation. *Id*. *see also Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (stating that a federal court "may *sua sponte* raise the issue of lack of jurisdiction because of the applicability of the eleventh amendment" (citation and internal quotation marks omitted)). The Eleventh Amendment bars civil rights actions against the state and

its agencies and departments unless the state has waived its immunity and consented to suit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The State of Michigan has not consented to being sued in civil rights actions in federal courts, *Abick v. Michigan*, 803 F.2d 974, 877 (6th Cir. 1986), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 322, 341 (1979)). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief' against a state and its agencies.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012). While the precise basis of Peterson's claims against the State of Michigan is not entirely clear, he appears to be asserting that the State of Michigan violated his constitutional rights by tampering with video evidence to falsely imprison and slander him publicly by labeling him as a terrorist. Peterson is seeking two-hundred million dollars in damages for racism, discrimination, bias, false imprisonment, slander, obstruction of justice, and singling him out for injury and harm. *Id*. at 11. To the extent that Peterson's claims against the state arise under the constitution and § 1983, they are barred by sovereign immunity. Indeed, the State of Michigan is not a "person" for purposes of 42 U.S. C. § 1983. *Hamilton's Bogarts*, *Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007) (citing *Will*, 491

U.S. at 71). Accordingly, Peterson's § 1983 claims against the State of Michigan should be dismissed.

### B. State Law Claims

To the extent that Peterson asserts any state law claims against the State of Michigan, the undersigned further recommends that the court decline to exercise supplemental jurisdiction over them. Under 28 U.S.C. § 1367, a district judge may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims [.]" *Musson Theatrical*, *Inc. v. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *see also Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2010) ("As [plaintiff's] one federal claim was properly dismissed, it was likewise proper for the district court to decline to exercise supplemental jurisdiction over the remaining state law claims."); *Ketola v. Clearwater*, 2008 WL 4820499, *5 (W.D. Mich. Oct. 31, 2008) ("Where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits."). Should the court adopt the recommendation to dismiss Peterson's federal claims based on sovereign immunity, the undersigned further

recommends that the court decline supplemental jurisdiction over Peterson' state law claims. Accordingly, all claims against the State of Michigan should be dismissed.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that plaintiff's claims against the State of Michigan be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 4, 2019                                            s/Stephanie Dawkins Davis
                                                                                       Stephanie Dawkins Davis
                                                                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on November 4, 2019, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Bradley T. Peterson, 55 Walnut Street, Belleville, MI 48111.

                                                                         s/Tammy Hallwood
                                                                         Case Manager
                                                                         (810) 341-7887
                                                                         tammy_hallwood@mied.uscourts.gov