UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. T PETERSON,

     Plaintiff,                                        Case No. 18-cv-12838
                                                           Hon. Matthew F. Leitman
v.

RYAN SMITH, *et al.*,

     Defendants.
_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 47) TO REPORT AND RECOMMENDATION (ECF NO. 45); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION; AND (3) DISMISSING CLAIMS AGAINST DEFENDANT STATE OF MICHIGAN WITHOUT PREJUDICE

In this action, *pro se* Plaintiff Bradley T. Peterson alleges that the City of Woodhaven, certain police officers employed by the City of Woodhaven, and the State of Michigan violated his civil rights when he was arrested in 2017. (*See* Compl., ECF No. 1.)  Peterson appears to bring both state and federal claims against the State of Michigan, and he seeks $200,000,000 in damages. (*See id.*, PageID.11.) The Court has referred all pre-trial matters in this action to the assigned Magistrate Judge. (*See* Order, ECF No. 44.)

On November 4, 2019, the Magistrate issued a report and recommendation in which she recommended that the Court dismiss Peterson's claims against the State of Michigan (the "R&R"). (*See* R&R, ECF No. 44.)  To the extent that Peterson

brings federal claims against the State of Michigan, the Magistrate Judge recommended that the Court dismiss those claims because "they are barred by [the State's] sovereign immunity." (*Id.*, PageID.497.) To the extent that Peterson brings state-law claims against the State of Michigan, the Magistrate Judge recommended that the Court "decline to exercise supplemental jurisdiction over [those claims]." (*Id.*, PageID.498.)

Peterson filed timely objections to the R&R on November 17, 2019. (*See* Objections, ECF No. 47.) The Court has carefully reviewed Peterson's objections and concludes that they have no merit. The Court will therefore **ADOPT** the recommended disposition of the R&R and **DISMISS** Peterson's claims against the State of Michigan.

As the Magistrate Judge aptly noted, the Eleventh Amendment "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russel v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). In Peterson's objections, he does not present any evidence that the State of Michigan waived its sovereign immunity. Nor has he identified any authority that supports the proposition that Congress abrogated that immunity in any way related to the federal claims that he brings against the State of Michigan. Simply put, Peterson has not

persuaded the Court that the Magistrate erred when she concluded that sovereign immunity bars his federal claims against the State of Michigan.

Moreover, Peterson has not taken issue with either any of the authority relied upon by the Magistrate Judge or the Magistrate's application of the relevant law. Instead, Peterson largely repeats his allegations that the State of Michigan was somehow involved in his arrest and prosecution, and he argues that the State should not "hide behind honorable immunity laws." (Objections, ECF No. 47, PageID.510.) Such general objections to a report and recommendation are insufficient. *See*, *e.g.*, *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that where a party presents objections that do "not specifically address how [a] report [and recommendation's] factual and legal recommendations [are] incorrect," those objections are "waived"); *Potter v. Comm'r of Soc. Sec.*, 2015 WL 452173, at *4 (E.D. Mich. Feb. 3, 2015) (same).

Finally, Peterson has not specifically objected to the Magistrate's recommendation that the Court should decline to exercise supplemental jurisdiction over his state-law claims against the State of Michigan. "[M]aking some objections but failing to raise others will not preserve all the objections a party may have" to a report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). In addition, Peterson has not identified any reason why the Court should exercise supplemental jurisdiction over those state-law claims. If Peterson

wishes to bring state-law claims against the State of Michigan, he should do so in state court.

Accordingly, for all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- Peterson's objections to the R&R (ECF No. 47) are **OVERULED**;

- The recommended disposition of the R&R (ECF No. 45) is **ADOPTED**; and

- Peterson's claims against the State of Michigan are **DISMISSED WITHOUT PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764