UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

    Plaintiff,

v.

RYAN SMITH, *et al.*,

    Defendants.

Case No. 18-cv-12838
Hon. Matthew F. Leitman

_____/

### ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 58); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 57); AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 42)

On September 12, 2018, Plaintiff Bradley T. Peterson, acting *pro se*, filed this civil-rights action against the City of Woodhaven, two Woodhaven police officers (Ryan Smith and Matt Brewer), and an employee of Michigan's 33rd District Court (Brian Cozzaglio). (*See* Compl., ECF No. 1.)  Peterson alleges that after he accompanied a friend to a hearing in the 33rd District Court, he was thrown out of the courthouse, assaulted by police officers, wrongfully arrested, and maliciously prosecuted. (*See id.*)  He seeks $200 million in damages. (*See id.*)

Peterson's claims against the Defendants are not specifically labeled in the Complaint. It appears that he has brought the following claims against the Defendants:

- Obstruction of justice against all Defendants;
- Unreasonable seizure against Defendants Smith and Brewer;
- False imprisonment against Defendants Smith, Brewer, and the City of Woodhaven;
- Malicious prosecution against Defendants Smith, Brewer, and the City of Woodhaven;
- Excessive force against Defendant Smith;
- Discrimination against Defendants Smith, Brewer, Cozzaglio, and the City of Woodhaven; and
- Slander against Defendant Cozzaglio.

On October 19, 2019, the Defendants moved for summary judgment on all of Peterson's claims. (*See* Mot. for Summ. J, ECF No. 42.) The motion was referred to the assigned Magistrate Judge. (*See* Order of Referral, ECF No. 56.)

On February 1, 2020, the Magistrate Judge issued a report and recommendation in which he recommended that the Court grant Defendants' motion in part and deny the motion in part (the "R&R"). (*See* R&R, ECF No. 57.) More specifically, the Magistrate Judge recommended that the Court grant summary

judgment in favor of the Defendants on all of Peterson's claims *except* for Peterson's excessive force claim against Defendant Smith. (*See id.*, PageID.593.)

At the conclusion of the R&R, the Magistrate Judge informed the parties that they could "object to and seek review of this Report and Recommendation" by filing written objections within fourteen days. (*Id.*, PageID.594.)  The Magistrate Judge further explained that any objections needed to be specific. (*See id.*)  He then warned the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal" and that "[t]he filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation." (*Id.*)

Peterson filed objections to the R&R on February 22, 2021. (*See* Objections, ECF No. 58.)  His objections are difficult to follow.  Peterson appears to be objecting, generally, to the entirety of the Magistrate Judge's conclusions of law. The bulk of the objections seem to restate arguments that Peterson has raised in his Complaint and other filings.  For instance, Peterson repeatedly claims in the objections that the Defendants tampered with evidence, brought false charges against him, and discriminated against him on the basis of his race. (*See id.*)  But Peterson has not specifically tied those allegations to the legal conclusions in the Magistrate Judge's thorough and detailed R&R.  Indeed, Peterson has made no effort to demonstrate that any particular aspect of the Magistrate Judge's reasoning is

erroneous. Peterson's generalized objection does not provide a basis for relief. As the Sixth Circuit has explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec. of Health and Human Svs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, where, as here, objections to a report and recommendation are "conclusory" and do "not specifically address how the report's factual and legal recommendations were incorrect," the objections are insufficient. *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation did not specifically address the Magistrate Judge's reasoning). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed"). Simply put, because Peterson has not specifically addressed the Magistrate Judge's reasoning or legal analysis in any detail, his objections are **OVERRULED**.

4

Accordingly, for the reasons stated above:

- Peterson's objections to the R&R (ECF No. 58) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 57) is **ADOPTED**; and

- Defendants' motion for summary judgment (ECF No. 42) is **GRANTED** in all respects *except* for Peterson's excessive force claim against Defendant Smith.[1]

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 4, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

[1] Defendants have not objected to the portion of the R&R in which the Magistrate Judge recommended that the Court deny Defendants' summary judgment motion to the extent the motion seeks dismissal of Peterson's excessive force claim against Defendant Smith.  The failure to file an objection to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard*, 932 F.2d at 509; *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  The Court therefore adopts the Magistrate Judge's recommendation to deny Defendants' motion with respect to Peterson's excessive force claim against Smith.