UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

        Plaintiff,                              Case No. 18-cv-12838
                                                              Hon. Matthew F. Leitman

v.

RYAN SMITH, *et al.*,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S**
**PENDING MOTIONS (ECF Nos. 118, 122, 125)**

On September 12, 2018, Plaintiff Bradley T. Peterson, acting *pro se*, filed this civil-rights action against the City of Woodhaven, two Woodhaven police officers (Ryan Smith and Matt Brewer), and an employee of Michigan's 33rd District Court (Brian Cozzaglio). (*See* Compl., ECF No. 1.) Peterson alleges that in April 2017, after he accompanied a friend to a hearing in the 33rd District Court, he was thrown out of the courthouse, assaulted by police officers, wrongfully arrested, and maliciously prosecuted. (*See id.*) After significant motion practice, the only remaining claim is an excessive force claim against Defendant Smith. (*See* R&R, ECF No. 57; Order Adopting Recommended Disposition of R&R, ECF No. 59.)

Now before the Court are three motions that Peterson has filed: a motion titled "Plaintiff's U.S. Federal Court Motions and Objections of Being Punished and in

1

Fear of Reprisals in Civil Lawsuit" (ECF No. 118); a second motion titled "Plaintiff's Motion and His Request Under Extraordinary Circumstances to Reinstate Malicious Prosecution Claims Against City of Woodhaven and State of Michigan in U.S. Civil Case Against Defendants" (ECF No. 122); and a third motion titled "Plaintiff's Motions – Requests for Temporary Restraining Order Against Defendants the City of Woodhaven and the State of Michigan in Civil Case Cause of January 6, 2025 Reprisals – False Arrest – Malicious Prosecutions – Civil Rights and Constitutional Violation in Case" (ECF No. 125).

    The Court has carefully reviewed all three motions. None of the motions relate to the sole claim that remains in this case: Peterson's claim that in April 2017, Defendant Smith used excessive force when Smith arrested him. Instead, the motions all arise of Peterson's *current* desire to engage in protests in the City of Woodhaven and/or arise out of Peterson's *separate* arrest on January 6, 2025. To the extent that Peterson wishes to bring claims against the City of Woodhaven and/or its employees related to the events described in the motions – events that transpired several years after the April 2017 arrest that forms the basis of this case – he may file a new lawsuit. However, he may not pursue relief related to those claims here. This case is ready for trial on Peterson's sole remaining claim against Defendant Smith. Allowing Peterson to add new claims against new Defendants arising out of an entirely new set of facts would require a period of additional discovery and

2

motion practice that would create a lengthy delay in bringing this 2018 case to a prompt conclusion. There is no basis to allow such an additional delay here. Finally, with respect to Peterson's motion for a temporary restraining order or preliminary injunction, as the United States Court of Appeals for the Sixth Circuit has explained, "[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, where, as here, "the injunctive relief sought […] and the injury claimed [does] not relate to the conduct alleged in [the] complaint," there is no basis to grant that relief. *Annabel v. Frost*, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018) (affirming denial of motion for temporary restraining order where "[t]he allegations in [the] motion for injunctive relief" were "wholly unrelated to the underlying claim" in the plaintiff's complaint).

For all of the reasons explained above, Peterson's pending motions (ECF Nos. 118, 122, and 125) are **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 30, 2025

3

   I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 30, 2025, by electronic means and/or ordinary mail.

               s/Holly A. Ryan
               Case Manager
               (313) 234-5126