UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

      Plaintiff,

v.

RYAN SMITH,

      Defendant.

Case No. 18-cv-12838
Hon. Matthew F. Leitman

_____/

## ORDER RESOLVING PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED TRIAL EXHIBITS

The Court has now filed the Final Pretrial Order in this action. (*See* Order, ECF No. 147.) That order notes certain objections that Plaintiff Bradley T. Peterson has made to Defendant Ryan Smith's proposed trial exhibits. (*See id.*, PageID.1317-1322.) Those objections are resolved as follows.

Plaintiff objects to Defendant's proposed **Exhibits 1-6** under Federal Rules of Evidence 401-403. These exhibits are video recordings made around the time of the use of force at issue in this action. Plaintiff seeks to exclude the videos primarily on the ground that they do not reflect the use of force. Plaintiff's objections are **OVERRULED**. The videos are relevant and have meaningful probative value because they depict Plaintiff's conduct and demeanor around the time of the use of force, and Defendant contends that that conduct and demeanor supported his use of

1

force and the amount of force applied.  If and to the extent that the videos would cause any unfair prejudice, such prejudice would not substantially outweigh the probative value of the recordings.  However, the Court does urge Defendant to review the recordings and to edit out the portions that do not meaningfully reflect the Plaintiff's conduct because doing so will enhance the efficiency of the trial.

In response to Plaintiff's objection to **Exhibit 7**, Defendant agreed (at the Final Pretrial Conference) to withdraw that exhibit.

Plaintiff objects to Defendant's proposed **Exhibit 8** under Federal Rules of Evidence 401-403.  This exhibit consists of citations issued to Plaintiff for incidents other than the one at issue in this action.  Defendant appears to intend to offer this exhibit to counter Plaintiff's claim that his interaction with Defendant here caused him such distress that it inhibited Plaintiff from protesting and caused Plaintiff to fear law enforcement.  While these are permissible purposes, the Court will **SUSTAIN** Plaintiff's objection and exclude this exhibit under Federal Rule of Evidence 403, at least for now.  The nature of the exhibit – additional citations – runs the risk of causing substantial unfair prejudice, and Defendant has other, less prejudicial, ways of rebutting Plaintiff's claims about the impact of his interactions with Defendant.

Plaintiff objects to Defendant's proposed **Exhibit 9** under Federal Rules of Evidence 401-403.  This exhibit consists of photographs of signs held by Plaintiff

2

during protests staged by Plaintiff after the date of the incident at issue here.  The Court will **<u>SUSTAIN</u>** this objection and exclude the photos.  The signs depicted in the photos are highly incendiary – for instance, one says "white crime pays" – and have little, if any, probative value.  The photos are properly excluded under Federal Rule of Evidence 403.  Indeed, the content of Plaintiff's later messages of protest seems to have no proper place in this action.  Whatever point Defendant wishes to make through admission of these photos can presumably be made in a less incendiary manner.

Plaintiff objects to Defendant's proposed **<u>Exhibit 10</u>** under Federal Rules of Evidence 401-403.  This exhibit consists of photographs of Plaintiff protesting outside of Woodhaven City Hall at some point after the incident at issue here.  The Court will **<u>SUSTAIN</u>** this objection and exclude the photos.  The photos run the risk of causing substantial unfair prejudice because Plaintiff is holding highly incendiary signs, including one that says, "Black Lives Don't Matter."  And while the photographs do have some probative value – in that they appear to rebut Plaintiff's contention that the impact of this incident caused him to fear Defendant and the Woodhaven Police Department and chilled him from protesting – that point can be made equally as effectively through evidence and testimony that is substantially less inflammatory.

3

Plaintiff objects to Defendant's proposed **Exhibit 11** under Federal Rules of Evidence 401-403.   This exhibit is an affidavit by Defendant describing an interaction with Plaintiff three years after the incident at issue here.  The Court will **SUSTAIN** this objection and exclude the affidavit.  The Court sees no basis for admitting the affidavit when Defendant may simply offer direct, in-person testimony about the interaction – for the limited purpose of rebutting Plaintiff's contention that Plaintiff was afraid of Defendant and/or afraid of the Woodhaven Police Department as a result of the incident at issue in this case.

Plaintiff objects to Defendant's proposed **Exhibit 12** under Federal Rules of Evidence 401-403.  This exhibit is a transcript of a hearing before Magistrate Judge David Grand.  The Court will **SUSTAIN** this objection and exclude the transcript because the Court sees no basis on which to admit the transcript.

Plaintiff objects to Defendant's proposed **Exhibit 13** under Federal Rules of Evidence 401-403. This exhibit is Plaintiff's Complaint.  It is properly presented to the jury as reflecting Plaintiff's allegations in this action.   This objection is **OVERRULED**.

Plaintiff objects to Defendant's proposed **Exhibits 14 and 15** under Federal Rules of Evidence 401-403.  These exhibits are on-line newspaper articles about incidents involving Plaintiff that occurred after the incident at issue in this action. The Court will **SUSTAIN** the objections to these exhibits.   The exhibits are

4

cumulative because, as set forth below, the Court is giving Defendant ample opportunity to admit other exhibits reflecting that Plaintiff continued to protest and interact with law enforcement after the incident at issue here.

Plaintiff objects to Defendant's proposed **Exhibit 16** as irrelevant in part. This exhibit is Plaintiff's interrogatory answers and responses to requests for document production. The Court **DEFERS FINAL RULING** on this objection. The Court agrees with Plaintiff that only some portions of his discovery responses will be properly admitted at trial. The Court will discuss with the parties which portions should be admitted before Defendant offers the responses into evidence.

Plaintiff objects to Defendant's proposed **Exhibit 17**. This exhibit is Plaintiff's deposition transcript. Plaintiff says "[a] deposition transcript is not an exhibit" and may be used only to impeach Plaintiff. (Final Pretrial Order, ECF No. 147, PageID.1319.) The Court disagrees with that statement. *See* Fed.R.Civ.P. 32(a)(3). However, the Court will **SUSTAIN IN PART** Plaintiff's objection to the admission of his deposition transcript. It does not appear to the Court that the entire transcript is properly admitted at trial. But some portions of the transcript may well be properly admitted. The Court will review with the parties which portions to admit before Defendant offers any portion of the transcript into evidence.

Plaintiff objects to Defendant's proposed **Exhibit 18** under Federal Rules of Evidence 401-403. This exhibit is a victim impact statement Plaintiff submitted in

a criminal case.  The Court will **<u>SUSTAIN</u>** the objection to the admission of this exhibit.  It is properly excluded under Federal Rule of Evidence 403.  The statement contains highly inflammatory statements by Plaintiff concerning matters of race, and it has very little, if any, probative value.

Plaintiff objects to Defendant's proposed **<u>Exhibits 19-24</u>** under Federal Rules of Evidence 401-403.  These exhibits are Complaints in other civil actions filed by Plaintiff.  The Court **<u>OVERRULES</u>** Plaintiff's objections to these exhibits.  The Complaints are properly admitted to rebut Plaintiff's claims that (1) he is currently suffering from a psychological injury caused by the incident at issue here and (2) the incident at issue here has chilled and deterred him from protesting.  The Complaints arising from incidents that occurred both before and after the incident here identify other interactions with law enforcement that could be the cause of Plaintiff's current claimed psychological injuries.  In order to limit any unfair prejudice from the Complaints, the Court will give the jury a limiting instruction directing the jury to consider the Complaints only as they relate to Plaintiff's claimed damages.

Plaintiff objects to Defendant's proposed **<u>Exhibit 25</u>** under Federal Rule of Evidence 401-403.  This exhibit is identified in Defendant's exhibit list as all other lawsuits filed by Plaintiff, but no evidence of other lawsuits was included in the exhibit packet that defense counsel provided to the Court.  Therefore, this objection is **<u>SUSTAINED.</u>**

Plaintiff objects to Defendant's proposed **Exhibit 26** under Federal Rules of Evidence 401-403.  This exhibit is a police report related to alleged threats that Plaintiff made against a state court judge.  A letter written by Plaintiff is attached to the report.  The Court will **SUSTAIN** the objection to the admission of the report under Federal Rule of Evidence 403 because the subject matter of the report – a threat against a judge – has no probative value and creates a substantial risk of unfair prejudice.  However, the Court will permit Defendant to ask Plaintiff about whether, as Plaintiff claimed in his letter that was attached to the report, the judge's decisions caused him substantial emotional distress.

Plaintiff objects to Defendant's proposed **Exhibit 27** under Federal Rules of Evidence 401-403.  This exhibit is a filing by Plaintiff in another civil action in this Court.  The objection to this exhibit is **OVERRULED.**  In this exhibit, Plaintiff identifies as causes of his current psychological state interactions with law enforcement officers other than the interaction at issue in this case.  Plaintiff's statements are therefore relevant to his claimed damages, and their admission would not cause him substantial unfair prejudice.

Plaintiff objects to Defendant's proposed **Exhibit 28** under Federal Rules of Evidence 401-403. This exhibit is another filing by Plaintiff in the same civil action that is the subject of proposed Exhibit 27.  The objection to this exhibit is

**SUSTAINED** under Federal Rule of Evidence 403.  The admission of this exhibit would be cumulative in light of the admission of Exhibit 27.

Plaintiff objects to Defendant's proposed **Exhibits 29, 30, 31, and 32**, which are deposition transcripts, on the ground that while the transcripts may be read into the record, they should not be admitted as exhibits.  The Court **SUSTAINS** this objection.  These transcripts may be read into the record but not admitted as exhibits.

Plaintiff objects to Defendant's proposed **Exhibit 33** under Federal Rules of Evidence 401-403.  This exhibit is a Facebook post by a person named Josh Pate.  The post includes photographs of what appears to be Plaintiff protesting outside of the Westland Police Department in 2025.  The Court will **OVERRULE** this objection.  While the photograph does have some tendency to inflame the jury because it depicts Plaintiff holding offensive signs, the unfair prejudice, if any, that could arise from admission of the photograph does not substantially outweigh its probative value.  The photo provides potentially strong support for Defendant's argument that, contrary to Plaintiff's claim, he has not been deterred or chilled from protesting.  Indeed, the photograph shows that Plaintiff is willing to protest with inflammatory messages in close proximity to a police station.  In that regard, this photograph has more probative value than the other photographs the Court excluded above.

Plaintiff objects to Defendant's proposed **Exhibit 34** under Federal Rules of Evidence 401-403.  This exhibit is a Facebook post by the Woodhaven Police Department.  The post includes photographs of what appears to be Plaintiff protesting in 2025.  The photographs show Plaintiff with a confederate flag.  The Court **SUSTAINS** this objection.  This exhibit adds little beyond Exhibit 33; they both make the same point about Plaintiff not being chilled.  As such, the admission of this exhibit is not necessary and would be cumulative.  In light of the potential prejudice that the admission of this photograph could cause, the Court will exclude it.

Plaintiff objects to Defendant's proposed **Exhibit 35**, which consists of the transcripts of Plaintiff's criminal trial.  The Court **DEFERS FINAL RULING** on this objection.  It is not yet clear to the Court why or how the entire criminal trial transcript is properly admitted or read to the jury.  Defendant may request admission of the transcripts, or part of them, outside the presence of the jury at trial.  The Court will make a final decision on how to deal with the transcripts at that time.

Plaintiff objects to Defendant's proposed **Exhibit 36**, which is a narrative police report prepared by the officers who arrested Plaintiff.  The Court will **SUSTAIN** this objection. The officers may testify as to the contents of the report, if they remember those contents, and the report may be used to refresh their

9

recollections, if they do not.  But the report is hearsay and should not be admitted into evidence itself.

Finally, Plaintiff objects to Defendant's proposed **Exhibit 37**, which is body camera footage from a 2024 incident involving Plaintiff.  The Court **DEFERS FINAL RULING** on this objection.  It is not yet clear to the Court why or how admission of the footage would be proper.  Defendant may request admission of the footage, or part of it, outside the presence of the jury at trial.  The Court will make a final decision on how to deal with the footage at that time.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

10